**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JUDITH A. HARKER,

                Plaintiff,

vs.                                Case No. 2:06-cv-24-FtM-34SPC

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security
Administration,

                Defendant.
_____/

# O R D E R

    **THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 15; Report and Recommendation), entered February 14, 2007, recommending that the Commissioner of Social Security's (the Commissioner's) decision be affirmed.   Plaintiff filed objections to the Report and Recommendation on February 21, 2007.  See Plaintiff's Objections to Report and Recommendation (Dkt. No. 16; Objections).  The Commissioner filed a response to the Objections on February 27, 2007. See Response to Plaintiff's Objections to the Report and Recommendation (Dkt. No. 17).

    The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  If specific objections to findings of facts are timely filed, the district court will conduct a de novo review of those

_____

    [1]    Michael J. Astrue became the Commissioner of Social Security on February 12, 2007.  Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Jo Anne B. Barnhart as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

facts.  Id.; LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

The Commissioner's final decision may be reviewed by a district court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  It is well established, however, that review is limited to "whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam); see also Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam); Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam). Review does not include "deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); see also Dyer, 395 F.3d at 1210.

Upon de novo review, the Court will overrule the objections  and adopt the legal and factual conclusions recommended by the Magistrate Judge.  However, the Court will supplement the Magistrate Judge's analysis of two of the issues raised by the Plaintiff.  The Court will first address Plaintiff's claim that "[t]he ALJ failed to consider Plaintiff's 'severe impairments'", including her right foot problems.  See Plaintiff's Memorandum of Law in Support of the Complaint (Dkt. No. 13; Memorandum) at 6-7.

Upon review of the record, the Court concludes that the ALJ inadvertently listed Plaintiff's "chronic plantar fasciitis status post removal of Morton's neuroma of the left foot" as a severe impairment instead of Plaintiff's chronic plantar fasciitis status post removal of Morton's neuroma of the right foot.  See Tr. at 14 (emphasis added).  The medical records that the ALJ discussed prior to finding that Plaintiff's chronic plantar fasciitis status post removal of Morton's neuroma of the left foot constituted a severe impairment were the

medical records regarding Plaintiff's complaints of right foot pain.  <u>See</u> <u>id.</u> at 13.  These medical records demonstrate that, while Plaintiff's left foot was healing following the surgical removal of a neuroma in November of 2002, Plaintiff continued to experience problems with her right foot following the surgical removal of two neuromas on December 18, 2002.  <u>See</u> <u>id.</u> at 164, 186-87,191-92.  During a January 13, 2003 post-operative examination, Dr. Richard Salm, Plaintiff's treating physician, indicated that Plaintiff was walking on the side of her right foot and referred Plaintiff to physical therapy for "right foot pain."  <u>See</u> <u>id.</u>  at 164, 166, 186.   In addition, the treatment records from Plaintiff's first physical therapy appointment following this referral indicate that, although Plaintiff did not experience any problems with her left foot following her surgery in November of 2002, her right foot "ha[d] really been bothering her" since her December 18, 2002 surgery.  <u>See</u> <u>id.</u> at 164.  Moreover, while a review of the record indicates that Plaintiff received physical therapy from January 14, 2003 to March 18, 2003, the treatment records from Plaintiff's physical therapy is replete with references to Plaintiff's "foot."  <u>See</u> <u>id.</u> at 143-44, 148, 151-52, 158-64.  Thus, it appears that Plaintiff primarily received treatment for her right foot.  The record further fails to suggest that Plaintiff experienced continuing problems with her left foot.  Accordingly, despite the inadvertent reference to the <u>left</u> foot, it is apparent that the ALJ properly considered Plaintiff's right foot pain.[2]

---

[2]     Plaintiff appears to contend that the Magistrate Judge did not address her argument that the ALJ failed to consider whether her bilateral foot pain was sufficiently severe, either singularly or in combination with her other impairments, to constitute a disability.  <u>See</u> Objections at 2.  As a review of the Report and Recommendation demonstrates that the Magistrate Judge carefully evaluated Plaintiff's bilateral foot pain and explicitly found that the ALJ properly evaluated and considered all of Plaintiff's "severe impairments", <u>see</u> Report and Recommendation at 13-15, the Court finds this argument to be without merit.  Moreover, with

(continued...)

The Court will next address Plaintiff's allegation that "[t]he ALJ failed to properly develop the record and failed to properly analyze the Listings", <u>see</u> Memorandum at 16-20, along with Plaintiff's objection to the Magistrate Judge's characterization of her request for the ALJ to consider the Seagate Psychological Associates records from her prior application as a request to reopen her prior application, <u>see</u> Objection at 4; Report and Recommendation at 22-23.   Upon review of the record, the Court observes that Plaintiff never explicitly asked the ALJ to reopen her prior application.   Nevertheless, the Court finds that Plaintiff did, in fact, make an implied request of the ALJ to reopen her prior application. Indeed, the disability onset date alleged by Plaintiff in her current application was December 10, 2000, a date which is prior to the December 16, 2002 decision that was rendered by the ALJ with respect to Plaintiff's initial application.   <u>See</u> Tr. at 72, Report and Recommendation at 22; Case No. 2:04-cv-00501-SPC, Order (Dkt. No. 25-2) at 2; <u>see also</u> <u>E.E.P. v. Barnhart</u>, No. 03-246-P-C, 2004 WL 1529262, at * 1 (D. Me. 2004) (holding that, by alleging a disability onset date that was within the previously adjudicated period, Plaintiff's current application constituted an implied request for the reopening of her prior application).   Moreover, the Court notes that, at the hearing, Plaintiff argued that she might meet or equal Listing 12.05(C) based upon the IQ scores that were contained in the medical records from Seagate Psychological Associates which related to her prior application.   <u>See</u> Tr. at 30; <u>see also</u> Memorandum at 18-19.  Notably, in the decision pertaining to Plaintiff's prior application, the

---

[2](...continued)
respect to Plaintiff's argument that the ALJ failed to consider the combined effect of her impairments, <u>see</u> Memorandum at 8-9, the Court notes that the ALJ acknowledged that he was obligated to consider all of Plaintiff's medically determinable impairments once he found that Plaintiff suffered from a severe impairment, <u>see</u> Tr. at 12-13.

ALJ concluded, upon review of the Seagate Psychological Associates records, that Plaintiff's mental condition did not meet or equal Listing 12.05(C). See Case No. 2:04-cv-00501-SPC, Report and Recommendation (Dkt. No. 25-2) at 10-12.   This Court affirmed this determination. See id. Thus, Plaintiff's argument would have required a reconsideration of the previous application.   Indeed, the Eleventh Circuit has held that "[g]enerally, a final decision by the Secretary will be deemed reopened if it is 'reconsidered on the merits to any extent and at any administrative level.'" See Passopulos v. Sullivan, 976 F.2d 642, 645 (11th Cir. 1992).

With respect to the Magistrate Judge's analysis of the ALJ's ability to reopen a prior decision, the Court notes that it does not have jurisdiction to review an ALJ's denial of a request to reopen unless the ALJ has, in fact, reconsidered the merits of the previously denied application or the Plaintiff raises a colorable constitutional claim. See Hall v. Bowen, 840 F.2d 777, 778 (11th Cir. 1987); Sherrod v. Chater, 74 F.3d 243, 245 (11th Cir. 1996). In the instant case,  Plaintiff has not presented a constitutional claim. See Memorandum at 16-20.  The ALJ did cite to medical records that are dated prior to the date of the ALJ's denial of the prior application. See Memorandum at 17, Tr. at 3-4.  However, at the hearing, the ALJ stated that he would not consider the medical records that are dated prior to the ALJ's previous decision but, upon the request of Plaintiff's counsel, indicated that he would review these records for "historical purposes and to put everything in context". See Tr. at 33. Thus, the Court finds that the ALJ's discussion of Plaintiff's prior records did not amount to a reconsideration of the merits of the previously denied application. See Brown v. Sullivan, 921 F.2d 1233, 1237 (11th Cir. 1991).  Accordingly, the Court finds that it does not

have jurisdiction to review the ALJ's denial of Plaintiff's request to reopen her prior application.

Finally, to the extent Plaintiff argues that, by not considering the Seagate Psychological Associates records, the ALJ failed to consider all of Plaintiff's impairments in combination, the Court notes that the ALJ provided Plaintiff with an opportunity to argue that the medical records from the prior application were relevant to the instant case in this respect.  At the hearing, the ALJ stated that he would not consider any medical records that "fall close to or before the [date of] the last hearing . . ."  because they "[b]elong to the prior period already adjudicated unless [the Plaintiff] [felt] that those records were not available, could not be found at the time, and [were] relevant to the present case . . ."  Tr. at 31 (emphasis added).  In response, Plaintiff did not suggest or explain how any medical records from the prior application were relevant to the present case in determining the combined effect of her impairments.  See id. at 31-33.   Instead, Plaintiff simply asked the ALJ to consider these medical records "at least for historical purposes, to show the on-going treatment."  See id. at 33.

Accordingly, it is hereby **ORDERED**:

1) Plaintiff's Objections to the Report and Recommendation (Dkt. No. 16) are **OVERRULED**.

2) The Magistrate Judge's Report and Recommendation (Dkt. No. 15) is **ADOPTED** as the opinion of the Court with the above additions.

-6-

3)  The Clerk of the Court is directed to enter judgment pursuant to sentence four of

42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's decision and to close the file.

**DONE AND ORDERED** in Chambers on March 28, 2007.

MARCIA MORALES HOWARD
United States District Judge

lc3

Copies to:

The Honorable Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record